UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZINA SHANNON | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4374 |
| SOCIAL SECURITY ADMINISTRATION | * | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Zina Shannon filed this complaint on November 3, 2022, naming the Social Security Administration as a defendant. ECF No. 1. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily-mandated review. ECF No. 3. This November 8, 2022 Order required Plaintiff to provide a short and plain statement of the claim showing that she is entitled to relief, as well as clarifying what claims she brings against the Social Security Administration and/or First Horizon, on or before Friday, December 2, 2022, in accordance with 28 U.S.C. § 1915(e)(2). *Id.* The Order further advised Plaintiff that her failure to respond in writing as directed may result in dismissal of the Complaint.

Following Judge Douglas' confirmation to the U.S. Court of Appeals for the Fifth Circuit, this matter was randomly reallotted to the undersigned.

**I.    PLAINTIFF'S CLAIMS**

*Pro se* plaintiff Zina Shannon names the Social Security Administration as a defendant. ECF No. 1. Although the Complaint is on the form used to seek judicial review of a final decision of the Commissioner pursuant to 42 U.S.C. 405(g), the entire statement of Plaintiff's complaint reads: "Nov 1, 22 Nov 3, 22 Did get my money," along with a reference to $30 and $841. *Id.* Her civil cover sheet includes the phrase "suit from take money." *Id.* at 2. Based on her Complaint, it

1

is not clear whether the Social Security Administration is a proper defendant, particularly given Plaintiff's listing of First Horizon, a bank, as the defendant elsewhere in the document. *Id*. at 1, 2.

Along with her Complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* but failed to provide any information about her financial status beyond checking "no" for each category of "other income" besides wages. ECF No. 2 at 1. Former Magistrate Judge Dana M. Douglas granted the motion to proceed i*n forma pauperis* but withheld issuance of summons and ordered Plaintiff to file, on or before Friday, December 2, 2022, a response containing a short and plain statement of her claim showing she is entitled to relief and clarifying what claims she brings against the Social Security Administration and/or First Horizon, as necessary to determine whether the complaint satisfies the requirements of the federal *in forma pauperis* statute or the claims lack merit on their face.[1] Judge Douglas' order also placed Shannon on notice that her failure to comply with the order may result in the dismissal of her complaint. *Id.*

## II.    APPLICABLE LAW AND ANALYSIS

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[3] Indeed, the statute specifically mandates that the

---

[1] ECF No. 3 at 2 (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) ("There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious. 28 U.S.C. §1915."); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is nothing new), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015)).

[2] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536–37 (2015).

[3] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R & R adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[4] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[5]

A claim is frivolous when it lacks an arguable basis in law or in fact.[6] A claim lacks an arguable basis in law if it is "'based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[7] A court may not dismiss a claim simply because the facts are "unlikely."[8] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[9] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[10]

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[11] While Rule

---

[4] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) ("A district court must sua sponte dismiss an IFP complaint . . . [if] the action is frivolous or malicious, fails to state a claim upon which relief can be granted . . . .") (citing 28 U.S.C. § 1915(e)(2)(b)).
[5] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.").
[6] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quotation omitted).
[8] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[9] *Id.*
[10] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[11] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Housing Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R & R adopted*, 2012 WL 700625 (E.D. La. Feb. 29, 2012).

8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation,"[12] and naked assertions devoid of further factual enhancement will not suffice to demonstrate a short and plain statement of the claim showing that the pleader is entitled to relief.

Based on the limited information in the Complaint, it appears that Plaintiff believes that certain social security payments were either taken or not delivered to her, not that she is objecting to any final decision by the Commissioner of Social Security. At no point in Plaintiff's Complaint does Plaintiff set forth *any* factual bases for her claims against the Commissioner of Social Security, as required by Fed. R. Civ. P. 8. Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[13] Absent any response to the November 8, 2022, Show Cause Order, the Court is left to address the facial merit of the Complaint based only on Plaintiff's allegation of "Nov 1, 22 Nov 3, 22 Did get my money," along with her reference to $30 and $841. These allegations do not, on their face, support a § 405(g) claim, establish an exhaustion of administrative remedies or even identify an alleged final agency decision at issue.

In a final effort to provide Plaintiff an opportunity to show cause why her complaint should not be dismissed, I am issuing this Report and Recommendation to the presiding United States District Judge. Plaintiff is advised that she may object to this Report and Recommendation within fourteen (14) days from the date of service of same. It is suggested to Plaintiff that any objection should contain a short summary of the reasons why she failed to comply with the court's previous order. Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans,

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555–57).
[13] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (noting that even liberally construed *pro se* complaints must allege facts to establish a colorable claim, and conclusory allegations are insufficient).

Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Report and Recommendation may, and probably will, result in dismissal of her case. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[14]

### III. CONCLUSION

Plaintiff's Complaint is subject to summary dismissal under § 1915(e)(2)(B) as frivolous and/or for failure to state a claim. Despite being advised that her failure to respond to the Show Cause Order could result in summary dismissal, Plaintiff failed to comply and has not submitted a written statement setting forth the specific facts supporting her cause(s) of action.

### RECOMMENDATION

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that Plaintiff Zina Shannon's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 9th day of January, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[14] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).